**Sandra Jonny ZELAYA, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–71857.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 20, 2015.

Zulu Ali, Zulu Abdullah Ali, Riverside, CA, for Petitioner.

Oil, Margaret Anne O'Donnell, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

MEMORANDUM **

Sandra Jonny Zelaya, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission of four instances of mistreatment from Zelaya's declaration, as well as her conviction for a crime involving fraud. *See Shrestha,* 590 F.3d at 1048 (adverse credibility determination was reasonable under the totality of circumstances); *see also Kin v. Holder,* 595 F.3d 1050, 1056–57 (9th Cir.2010) (omission from asylum application of participation in political demonstration supported adverse credibility determination); *see also Unuakhaulu v. Gonzales,* 416 F.3d 931, 938–39 (9th Cir.2005) (criminal conviction involving fraud undermined credibility).

Substantial evidence also supports the agency's denial of Zelaya's CAT claim be-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cause it was based on the same statements that were found not credible, and the record does not otherwise compel the finding that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Shrestha,* 590 F.3d at 1048–49. We reject Zelaya's contention that the agency failed to consider the country reports evidence and Salvadorian political climate in denying her application. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006) (petitioner did not overcome presumption BIA reviewed the record).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.